Enrique **ALMEIDA**, Appellant,

v.

**STATE of Texas**, Appellee.

No. 13–82–409–CR.

Court of Appeals of Texas,
Corpus Christi.

June 21, 1984.

Jon Kelly, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a murder conviction. Trial was to a jury which found appellant guilty of the murder of his nephew, Homero Saenz. The jury also found the enhancement allegations to be true. A mandatory life sentence was then imposed by the trial court. We affirm the judgment of the trial court.

■ Appellant asserts two grounds of error on appeal. He first argues that the trial court erred in not granting him a new trial based upon new evidence which was discovered after the trial. A motion for new trial, which is based upon newly discovered evidence, must meet certain legal criteria; and then the decision rests within the sound discretion of the trial judge. Absent a showing of a clear abuse of such discretion, his decision will not be disturbed on appeal. *Bolden v. State*, 634 S.W.2d 710 (Tex.Crim.App. 1982); *Ayers v. State*, 606 S.W.2d 936 (Tex.Crim.App. 1980) (opinion on motion for rehearing).

■ In order for us to determine whether the trial court abused its discretion, the record must show 1) that the evidence was unknown to the movant prior to the trial; 2) that the failure to discover such information was not due to want of diligence; 3) that the information brought to light is probably true, and its materiality is such as will probably bring about a different result in another trial; and 4) that the evidence is competent, not cumulative, corroborative, collateral or impeaching. *Bolden v. State*, 634 S.W.2d at 712; *Eddlemon v. State*, 591 S.W.2d 847 (Tex.Crim.App. 1979).

■ The evidence which appellant claims meets this test is testimony which was introduced at appellant's Motion for New Trial by Marie Mungia, appellant's wife. Mrs. Mungia had given police officers a written statement shortly after the shooting of the victim, Homero Saenz. In this statement, Mrs. Mungia claimed that her husband and the deceased had gotten into an argument. She heard the deceased encouraging the appellant to fight. The deceased's mother, Aurora Aguilar, was present and told the deceased to stop fighting. Mrs. Mungia saw her husband, the appellant, pull out a small gun and point it toward the deceased's chest. He fired one time straight at the deceased's chest. She also heard a second shot fired. Her statement to the police did not indicate that the shooting was in self-defense, as claimed at appellant's trial. Mrs. Mungia gave this statement to the police prior to trial, but did not testify at the trial. She stated at the Motion for New Trial that she did not appear and testify at appellant's trial because of threats made on her life by the deceased's mother, Aurora Aguilar, and by additional threats of violence by the deceased's sister.

Evidence introduced at the Motion for New Trial showed that a subpoena was issued for Mungia by the state prior to appellant's trial, but that she could not be located. Appellant's attorney indicated that Mungia had assured him that she would be present at trial.

At the Motion for New Trial, Mrs. Mungia testified that her testimony now was different from the statement she had given police. She said that she would now testify that appellant shot the deceased to protect himself. She claimed that she initially failed to tell the police that the shooting had been in self-defense because she was pressured by Aurora Aguilar, mother of the deceased. She testified that she feared Aguilar and told police what Aguilar told her to say.

In order for us to find that the trial court abused its discretion in not granting a new

trial, we must agree with appellant that the evidence introduced is probably true and that its materiality is such as would probably bring about a different result in a new trial. The evidence admitted at the Motion for New Trial does not indicate to us that the evidence admitted would *probably* bring about a different result in a new trial. Mrs. Mungia did not detail any circumstances which would tend to show that appellant had shot the deceased in self-defense. She simply testified that the evidence that she would present would be that appellant shot the deceased in self-defense. At trial, Aurora Aguilar testified to the events of the shooting. A neighbor, George Munoz, said that he saw appellant and the deceased arguing in the yard. He testified that he saw appellant holding a gun. According to Munoz, the deceased did not have a weapon. He testified that appellant pulled the gun, pointed it toward the deceased, and, without hesitating, fired a shot. The testimony at trial was such that we are unable to say that, even if Mrs. Mungia had testified that her husband shot the deceased in self-defense, the result in a new trial would probably be different. The evidence appellant seeks to present would merely corroborate his testimony. It would, however, conflict with the testimony of Aguilar and Munoz. We hold that the trial court did not abuse its discretion in overruling appellant's Motion for New Trial. Appellant's first ground of error is overruled.

■ Appellant contends in his second ground of error that the trial court erred in failing to grant a mistrial when the witness, Aurora Aguilar, entered the courtroom during the testimony of George Munoz. The object to be obtained by placing witnesses under the "rule," and out of the hearing of testimony delivered by another witness, is to prevent one witness from being influenced by another. *Carlile v. State*, 451 S.W.2d 511 (Tex.Crim.App. 1970). The trial court's enforcement of this rule is largely discretionary. *Allen v. State*, 536 S.W.2d 364 (Tex.Crim.App. 1976). The ultimate test for determining whether violations of the witness rule is

reversible error is whether injury has been done to the accused. *Haas v. State*, 498 S.W.2d 206 (Tex.Crim.App. 1973).

■ During the testimony of George Munoz, the record reflects that Aurora Aguilar entered the courtroom. It appears that she was probably in the courtroom when George Munoz testified that appellant had a gun, but the deceased, Aguilar's son, did not have a weapon. Aguilar had already testified at this time and was recalled by the appellant only for purposes of establishing violation of the "rule." Appellant objected to the presence of Aguilar in the courtroom, but did not request a mistrial. Appellant also attempted to prove through the testimony of Munoz that Aguilar had appeared in the courtroom to intimidate Munoz. He attempted to show that Munoz was testifying out of fear of Aguilar, which was denied by Munoz. Munoz also testified that he spoke with Aguilar on the day of his testimony. He did not testify as to what they talked about. Aguilar testified that she said "hello" to him and nothing more. She also testified that she had spoken to Munoz' wife, but did not speak to her regarding appellant's defense. We find that, while Aguilar was present in the courtroom in violation of the "rule," the evidence does not show that her presence influenced the testimony of anyone. Appellant has not demonstrated that the court abused its discretion by not granting a mistrial. *See Brown v. State*, 523 S.W.2d 238 (Tex.Crim.App. 1975). Appellant's second ground of error is overruled.

The conviction of appellant is affirmed.