**Thomas C. SAWYER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–88–175–CR.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1989.

Rehearing Denied Nov. 9, 1989.

John J. Pichinson, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

KENNEDY, Justice.

Appellant, Thomas Sawyer, pled "guilty" to the offense of sexual assault, Tex.Penal Code Ann. § 22.011 (Vernon 1989), and pled "true" to the enhancement allegation of repeat felony offender. The trial court sentenced him to ten years' confinement in the Texas Department of Corrections. Appellant asserts four points of error. We affirm his conviction.

At a pretrial suppression hearing, the complainant, at the time of the offense a seventeen year old female, testified to the following facts. On July 1, 1986 at 3:00 p.m., on her way home from high school, she was waiting for a bus in front of the Corpus Christi public library. While standing alone at the bus stop, she observed appellant drive by and circle the block. When he drove by the second time, he stopped and asked her for directions. The complainant approached his vehicle, and appellant, the sole occupant, opened the passenger door, grabbed her and pulled her into the car; her schoolbooks fell to the floorboard. As they drove off, the passenger door shut on its own. From a panel located on the driver's side of his car, appellant locked the doors and raised the

power windows. He drove to a house and parked his car in the driveway. After exiting the vehicle, appellant walked around to the passenger side and "snatched" the complainant out of the car by grabbing her arm. He led her into the house. Once inside, the complainant began to "holler." Appellant put his hand over her mouth, told her to "shut up," scratched her, and broke her wristwatch. The complainant continued to struggle with appellant; he held her down on the floor and removed her clothing. Following the sexual assault, appellant got up and left the room. The complainant put on her pants and shirt, took her shoes in her hand, and ran out of the house. Unfamiliar with the neighborhood, she ran from house to house knocking on several doors. Shortly thereafter, with a neighbor's assistance, the police were called, and she was taken to the hospital.

On April 5, 1988, after pleading guilty to the trial court, appellant was convicted of sexual assault. The plea of guilty was not the result of a plea bargain.[1]

By his third point of error, appellant contends that the trial court erred by overruling his motion for new trial based upon the claim that his guilty plea was not voluntary. Appellant, at the hearing on his motion for new trial, testified that he pled guilty because he was threatened by a jail guard.

■ To determine the voluntariness of a guilty plea, the record as a whole must be examined. See *Richards v. State*, 562 S.W.2d 456 (Tex.Crim.App.1978). When a defendant attests at his original plea hearing to the voluntary nature of his plea, a heavy burden is placed on him at a subsequent hearing to show a lack of voluntariness. *Thornton v. State*, 734 S.W.2d 112, 113 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd).

■ The statement of facts reveals that the trial court, when orally admonishing appellant pursuant to Tex.Code Crim.Proc. Ann. art. 26.13 (Vernon 1989), expressed,

no less than *eight* times, the necessity of a voluntary plea by appellant. The following exchanges, worthy of notice, took place during that proceeding:

Court: Do you have any hesitation at all in entering this plea, sir?

Appellant: No, your honor.

\* \* \* \* \* \*

Court: Are you entering this plea of guilty and true because you are guilty and because it is true?

Appellant: Yes, sir.

Court: And you are pleading guilty and you are pleading true voluntarily, intelligently, and of your own free will?

Appellant: Yes, sir, Your Honor.

\* \* \* \* \* \*

Court: And no one has tried to force you in order to get you to plead guilty?

Appellant: No, sir, Your Honor.

Court: No one has threatened you or promised you anything in order to get you to plead guilty?

Appellant: No, sir, Judge.

\* \* \* \* \* \*

From these exchanges, we are satisfied that the trial court made a thorough and adequate inquiry into the voluntariness of appellant's plea.

During the subsequent hearing on appellant's motion for new trial, appellant testified that he was threatened by an officer at the jail. Specifically, appellant claimed that the officer said, "You [appellant] will go to court this morning and they will make you an offer that you will not refuse," and "If you go over there and take what they give you, you can keep on living." He also testified, "I did not know whether the District Attorney's office was involved ... whether the Judge was involved ... whether my attorney was involved."

■ A defendant does not have a "right" to withdraw his plea after the trial court has pronounced judgment. *Castleberry v. State*, 704 S.W.2d 21, 27 (Tex.Crim.App. 1984). The decision to allow an accused to

---

1. There was no plea bargain; appellant did not agree to the punishment recommended by the State. *Padgett v. State*, 764 S.W.2d 239, 241 (Tex.Crim.App.1989).

withdraw his plea is within the sound discretion of the trial court. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex.Crim.App.1979); *Russell v. State*, 711 S.W.2d 114, 117 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd). Here, the trial court was the exclusive judge of the credibility of appellant's testimony and could accept or reject any part or all of it. *Flanagan v. State*, 675 S.W.2d 734, 746 (Tex.Crim.App.1982) (on rehearing). The trial court did not abuse its discretion by denying appellant's motion. Appellant's third point of error is overruled.

Having determined that appellant's guilty plea was voluntary, we address appellant's points one and two in which he asserts error in the indictment. Specifically, appellant contends that the indictment failed to allege that the use of physical force and violence was imminent and was occurring at the time of the alleged sexual assault.

■ Initially, we confront the issue of whether appellant's complaint is properly before this Court. When a voluntary guilty plea is not the result of a plea bargain, the defendant waives the right to complain of the trial court's action in overruling his motion to quash the indictment; the plea itself waives all nonjurisdictional defects. *Broddus v. State*, 693 S.W.2d 459, 461 (Tex.Crim.App.1985); *King v. State*, 687 S.W.2d 762, 765–66 (Tex.Crim. App.1985); *Kass v. State*, 642 S.W.2d 463, 465–66 (Tex.Crim.App.1981) (on rehearing); *Sifuentez v. State*, 704 S.W.2d 449, 450 (Tex.App.—Corpus Christi 1986, no pet.); Tex.Code Crim.Proc.Ann. art. 1.14(b) (Vernon Supp.1989); Tex.R.App.P. 40(b)(1). Thus, appellant has waived all nonjurisdictional defects in the indictment, and his point of error is restricted to fundamental errors affecting the jurisdiction of the trial court.[2] *Lopez v. State*, 670 S.W.2d 740, 741 (Tex.App.—El Paso 1984, no pet.).

■ Jurisdiction is comprised of the power of the court over the "subject matter" of the case[3] coupled with "personal" jurisdiction over the accused, which is invoked in felony prosecutions by the filing of a sufficient indictment. *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex.Crim.App.1981). There is a distinction between an indictment that fails to state an offense at all, a fundamental defect, and an indictment that states an offense but fails to do so clearly, a defect in form. *Dennis v. State*, 647 S.W.2d 275, 278 (Tex.Crim.App.1983). An indictment must expressly allege all constituent elements of the offense sought to be charged. *Oliver v. State*, 692 S.W.2d 712, 714 (Tex.Crim.App.1985).

■ An indictment alleging sexual assault under the Texas Penal Code, section 22.011, need only allege the following elements: that the defendant (1) intentionally and knowingly (2) caused the penetration of the anus or vagina (3) of another person (4) who is not the spouse of the defendant (5) without that person's consent. Section (b)(1) explains that the act is without the consent of the complainant when the defendant compels the complainant to submit or participate *by the use of physical force or violence* (emphasis ours). Appellant's indictment reads as follows:

> defendant ... did then and there intentionally and knowingly cause the penetration of the female sexual organ of a person, [complainant],[4] by his sexual organ; that [complainant] was not then the spouse of the defendant; that the defendant compelled [complainant] to submit and to participate by the use of physical force and violence ...

Subject to rare exceptions, an indictment tracking the words of a statute is sufficient. *Lewis v. State*, 659 S.W.2d 429, 431 (Tex.Crim.App.1983). Appellant's indictment includes all the elements of the offense of sexual assault. Failure to include an allegation that physical force and vio-

---

2. At this time, we will assume that Article 1.14(b) does not bar appellant's complaint and will proceed to address his point of error.

3. Subject matter jurisdiction is not contested by appellant.

4. The actual indictment includes the complainant's name.

lence was imminent or occurring is not essential to the validity of this indictment. *See Williams v. State*, 690 S.W.2d 656, 659 (Tex.App.—Dallas 1985), *rev'd on other grounds*, 719 S.W.2d 573 (Tex.Crim.App. 1986).

The basic elements of the offense of sexual assault were pled; jurisdiction over the appellant was conferred on the trial court. *See Fairfield*, 610 S.W.2d at 779. We overrule appellant's points of error one and two.

By his fourth point of error, appellant contends that the trial court abused its discretion by overruling his motion for new trial based upon a claim of newly discovered evidence. At the hearing, Mr. Anthony Coleman, an acquaintance of appellant, testified that he had seen appellant with the complainant prior to the date of the offense. In his brief, appellant claims that this evidence "contradicted the testimony of the alleged victim that she had not been with the appellant before the date of the alleged offense."[5]

■ In order to determine whether the trial court abused its discretion, the record must reflect: (1) that the evidence was unknown to the movant before trial; (2) that his failure to discover it was not due to his want of diligence; (3) that it is probably true and its materiality is such as will probably bring about a different result upon a new trial; (4) that it is competent, not merely cumulative, corroborative, collateral, or impeaching. *Jones v. State*, 711 S.W.2d 35, 36–37 (Tex.Crim.App.1986); *Bolden v. State*, 634 S.W.2d 710, 712 (Tex. Crim.App.1982); *Almeida v. State*, 673 S.W.2d 685, 686 (Tex.App.—Corpus Christi 1984, no pet.). When a defendant knows about a witness and chooses not to inform his attorney, a trial court does not err in overruling his motion for new trial based upon a claim of newly discovered evidence. *Zamora v. State*, 647 S.W.2d 90, 95 (Tex. App.—San Antonio 1983, no pet.).

■ Mr. Coleman testified that appellant telephoned him in *March of 1988*, and that shortly after receiving his call, he visited appellant in jail. Mr. Coleman further testified that, during his visit to the jail, he and appellant discussed the possibility of his being a witness for appellant. Subsequently, on *April 5, 1988*, appellant pled guilty to the offense of sexual assault. Appellant introduced no evidence tending to show that he made a diligent effort to secure the testimony of Mr. Coleman; he neither notified his attorney of Mr. Coleman's existence nor requested that the trial court continue the proceedings so that he could obtain Mr. Coleman's testimony.

Appellant has failed to show that this "new" evidence was unknown to him before trial. Indeed, the evidence presented by appellant in support of his motion for new trial established that appellant knew of the existence of Mr. Coleman's testimony before he entered his plea of guilty. Appellant failed to meet the fundamental requirement that the newly discovered evidence be unknown to him at the time of trial, or in appellant's case, at the time of his guilty plea. *See Drew v. State*, 743 S.W.2d 207, 226 (Tex.Crim.App.1987); *see also Raetzsch v. State*, 745 S.W.2d 520, 522 (Tex.App.—Corpus Christi 1988, pet. ref'd). Likewise, appellant has failed to show that he made a diligent effort to secure Mr. Coleman's testimony. *See Zamora*, 647 S.W.2d at 95.

■ Furthermore, by pleading guilty, appellant advised the court that he had no defense to the charge of sexual assault; his motion for new trial based upon newly discovered evidence is inconsistent with his plea of guilty. *Beard v. State*, 703 S.W.2d 273, 274–75 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd); *see Francis v. State*, 636 S.W.2d 591, 598 (Tex.App.—San Antonio 1982, no pet.). We overrule point of error four.

---

5. Appellant's brief does not refer us to a page in the record where complainant allegedly testified, "she had not been with the appellant before the date of the alleged offense." Tex.R. App.P. 74(d). After carefully reviewing the statement of facts, we are unable to locate this alleged testimony. Nevertheless, we will treat appellant's claim of "newly discovered evidence" as exculpatory in nature.

The judgment of the trial court is AF-FIRMED.