COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NOS. 2-02-087-CR
      
           
           
           
           
   2-02-089-CR
 
JIMMY CRATEN DEAN, JR.                                                              
  APPELLANT
A/K/A JIMMY CRATEN DEAN
V.
THE STATE OF TEXAS                                                              
            
STATE
------------
FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
I. Introduction
Appellant, Jimmy Craten Dean, Jr.,
appeals his convictions for the offenses of burglary of a habitation and bodily
injury to a child. Appellant waived his right to trial by a jury in both cases,
and pleaded guilty and true to enhancement and habitual offender allegations
without an agreed punishment recommendation. The court accepted Appellant's
pleas and ordered a PSI to be prepared. At the later sentencing hearing, the
court assessed punishment at forty-five years' confinement in each cause, to be
served concurrently. Appellant raises four points on appeal. We affirm.
II. Motions to
Withdraw Guilty Pleas
In his first point, Appellant
argues that the trial court abused its discretion in denying his motions to
withdraw his guilty pleas. A liberal practice prevails in this state concerning
the withdrawal of a guilty plea. McWherter v. State, 571 S.W.2d 312,
313 (Tex. Crim. App. 1978). A defendant may withdraw his or her guilty plea as a
matter of right without assigning reason at any time before judgment has been
pronounced or the case has been taken under advisement. Jackson v. State,
590 S.W.2d 514, 515 (Tex. Crim. App. [Panel Op.] 1979). If a defendant decides
to withdraw his or her guilty plea after the trial court takes the case under
advisement or pronounces judgment, however, the withdrawal of the plea is within
the sound discretion of the trial court. Id. Once the judge has
admonished the accused and accepted his or her plea, passing the case for a PSI
constitutes "taking the case under advisement." Watson v. State,
974 S.W.2d 763, 765 (Tex. App.--San Antonio 1998, pet. ref'd); see DeVary v.
State, 615 S.W.2d 739, 740 (Tex. Crim. App. 1981).
Here, Appellant entered his pleas
of guilty at a hearing on November 27, 2001. The trial court accepted his pleas
and ordered the preparation of a PSI, and on December 17--roughly three weeks
later--Appellant filed motions to withdraw his guilty pleas.(2)
Because the trial court had taken the case under advisement, we review its
denial of Appellant's motions to withdraw his guilty pleas under an abuse of
discretion standard. Jackson, 590 S.W.2d at 515; Coronado v. State,
996 S.W.2d 283, 286 (Tex. App.--Waco 1999, no pet.). We will not reverse the
trial court as long as its ruling was within the "zone of reasonable
disagreement." Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 1991) (op. on reh'g); Rivera v. State, 952 S.W.2d 34, 36
(Tex. App.--San Antonio 1997, no pet.).
In Appellant's motions to withdraw,
he claimed that his guilty pleas were not freely, knowingly, or voluntarily
entered because he had not taken his medication for his alleged mental health
problems for more than a week preceding his guilty pleas. He also claimed that
he was denied effective assistance of counsel and due process of law because of
alleged deficiencies of the attorney who represented him before and during the
plea hearing. Additionally, Appellant claimed that he "did not want to
enter a guilty plea but was coerced to do so by counsel, even though incompetent
to make such a plea."
The reporter's record from the
November 27 proceeding contradicts these assertions. After the State read the
indictment during the plea hearing, Appellant told the court that he understood
the nature of the charges pending against him. Appellant then pleaded guilty and
agreed with the court that he was pleading guilty because he was in fact guilty
and for no other reason. The trial court then began to explain to Appellant the
consequences of pleading guilty, and Appellant acknowledged that he understood
that he had a right to a jury trial on the issue of guilt--innocence as well as
on the issue of punishment. After consultation with his attorney, Appellant
agreed with the court that he wanted to waive his right to a jury trial on both
issues.
The court further explained to
Appellant that he would have a limited right to appeal, and Appellant
affirmatively replied that he had gone over this with his attorney and that he
understood his rights. Appellant's counsel stated that he was satisfied that his
client was competent to stand trial, and he agreed that he had spoken with
Appellant and that he was confident Appellant understood the ramifications of
his decision to plead guilty.
Appellant's attorney then asked
Appellant several questions concerning his representation and Appellant's
decision. Appellant agreed that his attorney had spoken with him at least three
times in the week leading up to the plea proceeding. Appellant acknowledged that
he and his attorney had spoken that morning for over an hour about Appellant's
right to a jury trial and his right to plead guilty or not guilty. Appellant's
counsel had explained to Appellant that the decision to plead guilty or not
guilty was Appellant's decision alone to make, and Appellant agreed on the
record that he understood this. Appellant further stated that he understood that
a jury was waiting in the hall, and if he so desired, he could go to trial. His
attorney then asked:

        
 And my understanding is, after deliberation, after talking with me, you are
 knowingly and willingly giving up that right, entering your plea of guilty,
 and going to the Judge for punishment. And you understand you can put on any
 testimony or evidence you want in the punishment phase of the trial?

Appellant responded,
"Yes."
Appellant's counsel then explained
the range of punishment and the types of evidence Appellant could present at the
punishment phase, including the fact that Appellant had the right to testify on
his own behalf or to remain silent. Appellant stated that he understood these
rights. Appellant agreed that it was his free and voluntary decision to plead
guilty and to go to the court for punishment.
The trial court recessed the
proceedings, and Appellant signed written plea admonishments for both offenses.
Appellant stated that he was satisfied with his attorney's representation, and
his attorney again stated that, in his opinion, Appellant was competent.
Appellant again stated that he was satisfied with counsel and that he was not
pleading guilty or true through any force or persuasion. Appellant then stated
that he understood everything he had signed. Appellant told the court that no
one had offered him any hope or promise of reward or pardon in order to get him
to plead guilty and true. Appellant acknowledged that there was no agreement
between himself and the State concerning the range of sentencing and that the
court could sentence him between twenty-five and ninety-nine years' confinement
or life and up to a $10,000 fine. Appellant agreed with the court that he wanted
to plead guilty to both offenses, even after knowing all of the consequences of
such a decision. The court then accepted his pleas of guilty and true in both
cases and ordered the preparation of a PSI.
Based on this record, we conclude
that the trial court did not abuse its discretion by refusing Appellant's
request to withdraw his guilty pleas. See, e.g., Taplin v. State, 78
S.W.3d 459, 461 (Tex. App.--Austin 2001, no pet.) (holding trial court did not
abuse its discretion by refusing to withdraw appellant's guilty plea where the
reporter's record contradicted his claim that he misunderstood the offense to
which he pleaded guilty). Accordingly, we overrule Appellant's first point.
III. Motion for New
Trial
In his second and third points,
Appellant complains that the trial court abused its discretion in refusing to
hear and grant his motion for a new trial. Specifically, Appellant argues that
his motion should have been heard and granted because his pleas of guilty and
true were not free, knowing, and voluntary; he was denied the effective
assistance of counsel; and his motion to withdraw his guilty plea was
erroneously denied.(3)
A. Denial of Hearing
We first address "whether, on
this record, the trial court could have reasonably denied [A]ppellant a hearing
on his motion for new trial." Wallace v. State, 106 S.W.3d 103,
108 (Tex. Crim. App. 2003). The purpose of the hearing is to allow a defendant
an opportunity to develop the matters raised in his or her motion. Id.;
Martinez v. State, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002). We review
the trial court's denial of Appellant's request for a hearing on his motion for
new trial under an abuse of discretion standard. Wallace, 106 S.W.3d at
108; Martinez, 74 S.W.3d at 22.
An evidentiary hearing on a
defendant's motion for a new trial is necessary only if the motion and
accompanying affidavit(s) "rais[e] matters not determinable from the
record, upon which the accused could be entitled to relief." Wallace,
106 S.W.3d at 108 (citing Reyes, 849 S.W.2d at 816); see Mallet v.
State, 9 S.W.3d 856, 868 (Tex. App.--Fort Worth 2000, no pet.). However,
"[t]o be sufficient to entitle the defendant to a hearing, the motion for
new trial and accompanying affidavit(s) 'need not establish a prima facie case'
for a new trial." Wallace, 106 S.W.3d at 108 (citing Jordan v.
State, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994)). Instead, they
"must merely reflect that reasonable grounds exist for holding that such
relief could be granted." Id. (citing Martinez, 74 S.W.3d
at 22). "Affidavits which are conclusory in nature and unsupported by facts
are not sufficient to put the trial court on notice that reasonable grounds for
relief exist." Daniels v. State, 63 S.W.3d 67, 70 (Tex.
App.--Houston [14th Dist.] 2001, pet. ref'd) (citing Jordan,
883 S.W.2d at 665).
In his motion, Appellant again
asked the court to allow him to withdraw his guilty pleas and to order a new
trial on the bases that (1) his pleas were not made freely, voluntarily, and
knowingly and (2) he was denied effective assistance of counsel before and
during the plea hearing. Neither of these issues is determinable from the
record, especially in light of Appellant's statements during the plea hearing
that indicate that his pleas were voluntary and that his counsel was effective. See
Wallace, 106 S.W.3d at 108; Mallet, 9 S.W.3d at 868.
The State points out that Appellant
did not attach any affidavits to his motion for new trial and argues that the
affidavits attached to his motions to withdraw his guilty pleas were not
properly made a part of the record. We need not address this contention because,
even if we consider the affidavits attached to Appellant's motions to withdraw
his guilty pleas, the affidavits are too conclusory to require a hearing.(4)
See King v. State, 29 S.W.3d 556, 568-69 (Tex. Crim. App. 2000)
(holding that bare assertions in verified motion for new trial failed to
establish facts entitling appellant to a new trial; thus, the trial court did
not err in refusing to hold a hearing); Buerger v. State, 60 S.W.3d
358, 362-63 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd)
(holding affidavit was too conclusory, in part, because despite appellant's
incompetence claim, he "did not allege what medication he needed; why it
was needed or how its absence affected his competency during the hearing; what
aspect of the hearing he failed to appreciate . . .; or what he would have
changed if he had been alert and oriented . . ."); Watson v. State,
37 S.W.3d 559, 561 (Tex. App.--Beaumont 2001, no pet.) (holding defendant's
affidavit stating, "I wish to state that I did not intelligently, knowingly
or voluntarily enter my plea. I did not understand the plea agreement fully, and
I did not understand the consequences of my plea," was too conclusory).
Thus, we hold that Appellant did
not meet his burden of showing that reasonable grounds existed for holding that
relief could be granted on his motion. See Wallace, 106 S.W.3d at 108.
Accordingly, we cannot say that the trial court abused its discretion in
refusing to conduct a hearing on Appellant's motion for new trial, and we
therefore overrule his second point.
B. Denial of Motion
We next review the trial court's
decision to deny Appellant's motion for new trial. Such a decision is left to
the sound discretion of the trial court, and we will not reverse that decision
absent an abuse of discretion. Lewis v. State, 911 S.W.2d 1, 7 (Tex.
Crim. App. 1995); Thomas v. State, 31 S.W.3d 422, 428 (Tex. App.--Fort
Worth 2000, pet. ref'd). The trial court's ruling is presumed to be correct, and
the burden rests on Appellant to establish the contrary. Lee v. State,
167 Tex. Crim. 608, 322 S.W.2d 260, 262 (1958); Edwards v. State, 37
S.W.3d 511, 515 (Tex. App.--Texarkana 2001, pet. ref'd). Having reviewed the
record before us, we cannot say that the trial court abused its discretion in
denying Appellant's motion for new trial. We overrule Appellant's third point.
IV. Effective
Assistance of Counsel Claim
In his fourth point, Appellant
complains that he was denied the effective assistance of counsel at his trial in
violation of the 6th and 14th Amendments to the United
States Constitution, section 10 of article I of the Texas Constitution, and
articles 1.05 and 1.051 of the Texas Code of Criminal Procedure. See
U.S. Const. amends. VI, XIV; Tex. Const. art. I, § 10; Tex. Code Crim. Proc.
Ann. arts. 1.05, 1.051 (Vernon Supp. 2003). We apply a two-pronged test to
ineffective assistance of counsel claims. Strickland v. Washington, 466
U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9
S.W.3d 808, 812 (Tex. Crim. App. 1999).
First, Appellant must show that his
counsel's performance was deficient. Strickland, 466 U.S. at 687, 104
S. Ct. at 2064. The record must be sufficiently developed to overcome a strong
presumption that counsel provided reasonable assistance. Bone v. State,
77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002) (citing Thompson, 9
S.W.3d at 813-14). Second, Appellant must show that the deficient performance
prejudiced the defense. Strickland, 466 U.S. at 687, 104 S. Ct. at
2064. Further, a claim for ineffective assistance of counsel must be firmly
grounded and affirmatively supported by the record. Jackson v. State,
973 S.W.2d 954, 955 (Tex. Crim. App. 1998); Guzman v. State, 993 S.W.2d
232, 237 (Tex. App.--San Antonio 1999, pet. ref'd), cert. denied, 528
U.S. 1161 (2000).
Having reviewed the entire record,
we hold that Appellant has not met his burden and has not overcome the strong
presumption that counsel provided reasonable assistance. See Bone,
77 S.W.3d at 833 n.13.(5) Accordingly, we
overrule his fourth point.
V. Conclusion
Having overruled all four of
Appellant's points, we affirm the trial court's judgments.
 
                                                             
        
PER CURIAM
 
PANEL F: GARDNER, J.; CAYCE, C.J.;
and WALKER, J.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 14, 2003

1. See Tex. R. App. P. 47.4.
2. Appellant first sent a handwritten letter, file-marked
December 14, 2001, to the court advising it of his desire to withdraw his guilty
pleas. On the same date that the letter was filed, Appellant's counsel filed a
motion to withdraw as counsel because of a breakdown in the attorney/client
relationship, lack of client cooperation, and a conflict of interest. The court
granted the motion to withdraw, and appointed another lawyer for Appellant, the
one bringing this appeal. Three days later, Appellant's new counsel filed the
motions to withdraw Appellant's pleas.
3. The grounds listed in rule 21.3 of the Texas Rules of
Appellate Procedure are illustrative and are not the exclusive grounds for a new
trial. See State v. Read, 965 S.W.2d 74, 77 (Tex. App.--Austin 1998, no
pet.). For example, ineffective assistance of counsel may be raised in a motion
for new trial. See Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App.
1993).
4. In pertinent part, Appellant stated in his affidavit,

   
      My plea of guilty was not free, knowing, and
 voluntarily entered.
   
      Defense counsel . . . although aware of my mental
 health history and problems as well as the fact that [I] had been off [my]
 medication for more than a week prior to the plea of guilty, that [my] bipolar
 condition had reasserted itself and that as a result of such condition I
 lacked the requisite understanding in order to enter a free, knowing, and
 voluntary plea of guilty to the charges but still allowed such plea to go
 forward and be entered. Counsel made no effort to raise this claim, although
 it was known to him for some time and thus rendered ineffective assistance of
 counsel herein.
 
 5. The court of criminal appeals has stated that
 "the record on direct appeal will generally 'not be sufficient to show
 that counsel's representation was so deficient as to meet the first part of
 the Strickland standard' as '[t]he reasonableness of counsel's
 choices often involves facts that do not appear in the appellate
 record.'" Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim.
 App. 2003) (citing Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim.
 App. 2002)). Thus, the court has indicated that "an application for a
 writ of habeas corpus is the more appropriate vehicle to raise ineffective
 assistance of counsel claims." Id.