**Morris P. FUQUA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43080.**

Court of Criminal Appeals of Texas.

Sept. 4, 1970.

2d 797; and Gephart v. State, 157 Tex. Cr.R. 414, 249 S.W.2d 612.

No reversible error appearing, the judgment is affirmed.

William L. Schroeder, Killeen, for appellant.

Stanley Kicar, Dist. Atty., and Dennis C. Holle, Asst. Dist. Atty., Belton, and Jim D. Vollers, State's Atty., Austin, for the State.

**Arthur Lee ROBINSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43058.**

Court of Criminal Appeals of Texas.

Sept. 4, 1970.

## OPINION

MORRISON, Judge.

The offense is burglary of a private residence at night; the punishment, eight (8) years.

The sole question before this Court is whether the trial court's denial of appellant's motion for new trial, based on newly discovered evidence, was an abuse of discretion.

The evidence in this case centered around a stolen rifle which had been pawned by appellant. At the hearing on the motion for new trial, appellant's brother testified that on the morning in question he had seen his uncle with a rifle similar to the one involved in the case at bar. The brother was interviewed by appellant's attorney prior to trial, and apparently was not questioned concerning the rifle.

An accused may not secure a new trial by failing to call a witness whose identity is known, and whose knowledge of the case might have been known prior to trial in the exercise of reasonable diligence. See Hill v. State, Tex.Cr.App., 403 S.W.