**Felix O. ZAMORA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00029–CR.**

Court of Appeals of Texas, San Antonio.

Feb. 16, 1983.

---

1. Italics ours.

Johnny Gabriel, Jr., San Antonio, for appellant.

Sam Millsap, Jr., Dist. Atty., Alan Battaglia, Asst. Dist. Atty., San Antonio, for appellee.

Before BUTTS, TIJERINA and DIAL, JJ.

## OPINION

DIAL, Justice.

Appeal is taken from a conviction for voluntary manslaughter. The jury found the appellant guilty and assessed punishment at 17 years' confinement in the Texas Department of Corrections.

On November 28, 1977, at approximately 9:30 p.m., the appellant fired a shot that killed Howard W. Krouse. The deceased and Rachel Gonzales were sitting on the hood of the Krouse Camaro talking in front of her home. Gonzales testified that the

appellant and Hector Alaniz drove by them on S.W. 28th Street in appellant's brown Volkswagon van. Alaniz testified that he was driving the van and appellant was seated on the passenger side. After passing Gonzales and Krouse and after the appellant shouted at Gonzales, the van containing Alaniz and the appellant proceeded down S.W. 28th Street and turned around in order to pass the couple once again. On the return trip, the appellant fired a shot through an open window of the van. The shot struck Krouse in the head killing him. Alaniz testified that after the appellant fired the shot, they quickly drove away.

■ Appellant alleges four grounds of error. In his first ground of error, appellant alleges that the trial court committed reversible error in allowing the court-appointed psychologist to testify, over the appellant's timely objection, to matters outside the scope of the court's order in her examination of the appellant. The State asserts that the appellant failed to make a specific objection at the trial that the psychologist's testimony went beyond the trial court's order and the witness's authority to examine the appellant, and the appellant has therefore waived error, absent a showing of no opportunity to object. *Navajar v. State,* 496 S.W.2d 61, 65 (Tex.Cr.App.1973).[1] Appellant argues that the court-appointed psychologist went beyond simply reporting to the court on the issue of competency, as per the court's order, and testified for the prosecutor at the penalty stage on the issue of the appellant's future dangerousness. Further, defense counsel was never notified the examination was to go beyond appellant's competency.

Appellant cites *Smith v. Estelle,* 445 F.Supp. 647 (N.D.Tex.1977) as controlling. Since the trial of this case in September 1978, the United States Supreme Court has decided *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981).[2] In that capital murder case the State had announced its intention to seek the death penalty. The trial judge informally ordered the State's attorney to arrange a psychiatric examination to determine the defendant's competency to stand· trial. At the trial the defendant introduced no psychiatric evidence, nor had he indicated he might do so. After the defendant was found guilty, during the punishment phase of the trial the psychiatrist, who had examined the defendant before trial and found him competent, was permitted to testify as to the defendant's future dangerousness. The Supreme Court held "A criminal defendant, who neither initiates a psychiatric evaluation nor attempts to introduce any psychiatric evidence, may not be compelled to respond to a psychiatrist if his statements can be used against him in a capital sentencing proceeding." *Id.* 101 S.Ct. at 1876. This was found to violate both the Fifth Amendment privilege against self-incrimination and the Sixth Amendment right to assistance of counsel. The Sixth Amendment violation was based on the lack of advance notice to counsel that the psychiatric examination might encompass an evaluation of the defendant's future dangerousness. The Court distinguished the case from those instances where the defense asserts the insanity defense or intends to introduce psychiatric evidence at the penalty phase (*Id.* 101 S.Ct. at 1874, n. 10).

In our present case, the defense offered the testimony of its own psychologist, Dr. Reid, during the punishment phase whose testimony was that he had previously studied the report of the State's psychologist, Dr. Schroeder. Defense counsel, in a mo-

---

1. An objection by appellant at his trial would have been futile in that prior to the U.S. Supreme Court's pronouncements in *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981) psychological testimony of this type was allowed in Texas courts. *See Livingston v. State,* 542 S.W.2d 655 (Tex.Cr.App.1976), *cert. denied,* 431 U.S. 933, 97 S.Ct. 2642, 53 L.Ed.2d 250 (1977). 101 S.Ct. at 1876, n. 12, citing 602 F.2d 694 at 708, n. 19 (5th Cir.1979).

2. Appellant was convicted and sentenced on September 17, 1978. The U.S. Supreme Court did not decide *Estelle v. Smith,* until May 18, 1981. Nevertheless, *Battie v. Estelle,* 655 F.2d 692, 699 (5th Cir.1981) and subsequently the Texas courts by implication in *Fields v. State,* 627 S.W.2d 714, 718 (Tex.Cr.App.1982) have held *Estelle v. Smith,* to be retroactive.

tion for continuance dated July 17, 1978, had requested additional time in order to review a report prepared by the psychologist hired to test appellant. The appellant's motion stated that:

> Defendant's attorneys after advising the Defendant to submit to a psychological evaluation have received a four (4) page report ...

> Such information has proven to be highly important in Defendant's cause and will likely have a significant impact on the punishment stage of Defendant's trial. It is necessary, however, that Defendant's attorneys consult further with examiner JOHN K. REID of Psychology and Communication Associates in regards to Defendant's abilities, feelings, values and *psychotic features and other matters of behavior and future behavior.* [Emphasis ours] TR 37.

The State, in response to the appellant's motion for continuance, filed a motion requesting appointment of a psychologist dated July 19, 1978. In their motion the State requested the appointment of Dr. Schroeder. The motion stated:

> ... The Defendant has filed a Motion for Continuance wherein it is alleged that psychologist, John K. Reid has been retained to examine the defendant.

> It is unknown to the State how such testimony could be relevant in the trial of a criminal case in the context as mentioned in the defendant's Motion for Continuance of July 17, 1978. However, the issue of the defendant's competence to stand trial as well as *psychotic features and other matters of behavior and future behavior are significant and important since the defendant has raised such issues on July 17, 1978.* [Emphasis ours] TR 42.

On July 21, 1978, the trial court issued an Order Appointing Psychologist to Examine the Defendant. The trial court's order states:

> Pursuant to Article 46.02 of the Texas Code of Criminal Procedure, this Court appoints Dr. Betty Lee (sic) Schroeder to examine the defendant, with regard to his present competency to stand trial and with regard to his sanity at the time of the commission of the offense.

> And it is further ordered that the results of such examination shall be made available to both the State and defense. TR 44.

The appellant's July 17, 1978, motion for continuance having requested time to review the psychological examination given the appellant by Dr. Reid in order to discuss the appellant's "... psychotic features and other matters of behavior and future behavior," thus, put the appellant's own future dangerousness into issue. The subsequent request by the State on July 19, 1978, for the appointment of Dr. Schroeder by the trial court tracks the language used by the appellant in his own motion for continuance.

Therefore, even though the court's order appointing Dr. Schroeder speaks only to an examination of the appellant's competency to stand trial and sanity at the time of the offense, the appellant had advance notice of the possible extent of the appointed psychologist's examination evidenced by 1) appellant's own motion for continuance which put his future dangerousness in issue, 2) the motion by the State requesting appointment of Dr. Schroeder tracking the language used by the appellant in his own motion, 3) cross-examination of Dr. Schroeder by defense counsel on the contents of her report, and 4) direct examination of Dr. Reid about Dr. Schroeder's report by defense counsel. Appellant had substantial notice of the examination that was to be done by Dr. Schroeder and the areas it would cover. Knowing this, appellant properly prepared for the testimony of Dr. Schroeder. Appellant's first ground of error is overruled.

Appellant's second ground of error states that the trial court erred in permitting, over appellant's timely objection, cross-examination of appellant on unrelated acts not involving moral turpitude. The record reflects that during direct examination of the State's witness Rachel Gonzales at the trial the prosecutor asked if the appellant had ever hit the witness. Gonzales answer-

ed yes. No objection was made by defense counsel. Later in the trial, during the cross-examination of the appellant, the prosecutor asked why the appellant hit Rachel Gonzales. Appellant answered, "Well, between me and her." Only after another question was asked did defense counsel object. The trial court overruled the objection.

It is well settled that failure to object at the time the testimony is first introduced waives error and precludes review by this court. *Phillips v. State,* 511 S.W.2d 22, 28 (Tex.Cr.App.1974). The objection by defense counsel came too late to preserve error. *Beaupre v. State,* 526 S.W.2d 811, 816 (Tex.Cr.App.1975), *cert. denied* 423 U.S. 1037, 96 S.Ct. 573, 46 L.Ed.2d 412 (1975); *Perez v. State,* 491 S.W.2d 878 (Tex.Cr.App.1973). Appellant's second ground of error is overruled.

Appellant's third ground of error contends that the trial court abused its discretion in overruling his motion for new trial based upon allegations of jury misconduct. The alleged jury misconduct was that one of the jurors fell asleep during appellant's trial. Appellant raised this issue in his second amended motion for new trial, which the trial judge overruled after a full evidentiary hearing.

At the hearing on the motion for new trial, the appellant produced six witnesses [3] who were all present at the appellant's trial and who testified that the second juror in the first row of the jury box had fallen asleep during crucial testimony presented by the appellant. The witnesses also testified that another juror sitting in the back row was possibly also asleep during some testimony. The State presented juror Floyd Vedder, the juror who was seated in the second seat of the first row. Juror Vedder was the only juror called. He testified that he had not fallen asleep during the trial of the appellant.

An examination of the testimony of the various witnesses reveals that the testimony as to whether the one juror was asleep or not was conflicting. The trial judge, as the trier of facts, was free to believe one witness's testimony as to the absence of improper jury conduct and to disbelieve and reject all or part of the testimony of the other witnesses. *See Daniel v. State,* 486 S.W.2d 944, 946 (Tex.Cr.App. 1972). It is well established that issues as to jury misconduct raised at a hearing on a motion for new trial are for the determination of the trial judge, and where there is conflicting evidence there is no abuse of discretion where the motion for new trial is overruled. *McCartney v. State,* 542 S.W.2d 156, 162 (Tex.Cr.App.1976). The trial court choose to believe juror Vedder who testified that he had not fallen asleep at the trial of the appellant. Therefore, the trial court did not abuse its discretion in overruling appellant's motion for new trial, and appellant's third ground of error is overruled.

Appellant's last ground of error asserts that the trial court erred in failing to grant appellant's motion for new trial based on a claim of newly-discovered evidence. The evidence to which appellant refers is the testimony at the hearing on the motion for new trial of witnesses Hector Alaniz and Arturo Chavarria that Chavarria was also in the van on the night of the offense. After the evidentiary hearing, appellant's second amended motion for new trial was denied.

Under Tex.Code Crim.Pro.Ann. art. 40.-03(6) (Vernon 1979), the discovery after trial of new evidence material to the defendant constitutes a ground for a new trial. In *Collins v. State,* 548 S.W.2d 368, 380 (Tex. Cr.App.1976), *cert. denied,* 430 U.S. 959, 97 S.Ct. 1611, 51 L.Ed.2d 811 (1977), the court held that for a new trial to be granted on the basis of newly-discovered evidence, the appellant must show that the evidence was in fact newly discovered, that it was material, that the failure to discover it sooner or locate the witness was not due to lack of

---

**3.** The majority of witnesses at the hearing were not jurors but people in attendance at the trial

of the appellant. Only one juror testified.

diligence, that the new evidence is probably true, and that a different result would probably be reached if the new evidence were introduced at a second trial. A failure by appellant to establish any of the essential requirements would warrant the trial court's refusal to grant a new trial.

The court in *Fuqua v. State,* 457 S.W.2d 571, 572 (Tex.Cr.App.1970) stated that an accused may not secure a new trial by failing to call a witness whose identity is known, and whose knowledge of the case might have been known prior to trial in the exercise of reasonable diligence. At the trial of appellant, Hector Alaniz testified that there was no one else in the appellant's van on the night of the offense except the appellant and Alaniz. The appellant testified that Alaniz had been in the van. At the hearing for new trial, Alaniz testified that Arturo Chavarria had also been in the van that night and that he knew this at the time of appellant's trial but did not tell anyone. Alaniz testified that the appellant also knew that Chavarria was in the van that night. Chavarria testified that he had not come forward because he had been on probation before and was scared. Alaniz also testified to the fact that Chavarria had previously been in trouble. In *Powell v. State,* 502 S.W.2d 705 (Tex.Cr.App.1973) the appellant testified that he had previously worked with two federal narcotics officers who could have been called to testify on his behalf. Trial counsel was informed but it was fear for appellant's safety which prompted the appellant in not bringing this out at his trial. The court held that the evidence was not newly discovered because both the appellant and his trial counsel were aware of it. *Id.* at 712.

As in *Powell,* both the appellant and Alaniz knew that Chavarria was in the van on the night of the offense. They both chose not to inform their attorneys. We therefore hold that the trial court did not err in overruling appellant's second amended motion for new trial because: 1) no diligence was shown; 2) no adequate excuse was given as to why this evidence was not presented; 3) appellant knew about the witness and chose not to inform his attor-

ney; and 4) the testimony of Chavarria would have been merely cumulative of testimony already presented at appellant's trial. Appellant's fourth ground of error is overruled.

Judgement of the trial court is affirmed.