02-10-056-CR












 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00056-CR

 

 


 
 
 Dustin Cornell
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 211th District Court OF Denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

         
In two issues, Dustin Cornell challenges the trial court’s jurisdiction to
revoke his community supervision and the trial court’s denial of his motion for
new trial.  We affirm.

Background

         
When he was a juvenile, appellant was adjudicated delinquent for an offense
that would require him to register as a sex offender.  On June 1, 2006, he
was indicted for violating the registration statute.  Tex.
Code Crim. Proc. Ann. art. 62.102(a) (Vernon 2006). 
He pled guilty to the offense on October 12, 2006; the trial court sentenced
him to two years’ confinement but suspended the sentence and placed appellant
on community supervision.

         
A month later, on November 13, 2006, appellant filed a motion with the juvenile
court asking to be excused from registering as a sex offender.  The
juvenile court signed an order excusing appellant from
registering as a sex offender, which order was entitled, “Sex Offender
Registration Order Registration Excused Retroactively [de-registration].” 
The order does not specifically say, however, that appellant was retroactively
excused from registering.  Because of that order, appellant stopped
registering.  However, neither appellant nor his attorney at that time[2] moved the trial court to terminate his
community supervision.

         
On October 15, 2009, the State filed a motion to revoke appellant’s community
supervision alleging that appellant had violated his community supervision by
driving while intoxicated, consuming alcohol, refusing to give a blood or
breath specimen, having a positive urine test for THC, and by failing to
complete four hours per week of community service restitution.  Appellant
pled true to the allegations in the motion on November 19, 2009, and the trial
court sentenced him to nine months’ confinement in state jail. 
Appellant’s trial and appellate counsel received a fax on December 8, 2009 from
a family member of appellant with the juvenile court’s de-registration order
attached.  Appellant’s counsel had not been aware of the order until
then.  Appellant’s counsel timely filed a motion for new trial, which the
trial court denied after a hearing.

Analysis

         
In his first issue, appellant contends that the trial court did not have
jurisdiction to revoke his community supervision.

         
Generally, an appellant may not raise issues related to the trial court’s
placement of the appellant on community supervision in appeals filed after that
community supervision is revoked.  Manuel v. State,
994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). 
There are two exceptions to this rule:  the void judgment exception and
the habeas corpus exception.  Nix v. State, 65 S.W.3d
664, 667 (Tex. Crim. App. 2001).  Appellant argues that the void judgment
exception applies here.

         
“The void judgment exception recognizes that there are some rare situations in
which a trial court’s judgment is accorded no respect due to a complete lack of
power to render the judgment in question.”  Id.  “A void
judgment is a ‘nullity’ and can be attacked at any time.”  Id. at 667–68.  In other words, to avoid the Manuel
rule, the trial court must have had no power to render the initial community
supervision order.  Id. at 668.  A
judgment is void when (1) the document purporting to be a charging instrument
does not satisfy the constitutional requisites of a charging instrument, (2)
the trial court lacks subject matter jurisdiction over the offense charged, (3)
there is no evidence to support the conviction, or (4) an indigent defendant
who has not waived the right to counsel is forced to face criminal proceedings
without counsel.  Id.

         
The juvenile court’s order excusing appellant from registering as a sex
offender did not exist at the time the trial court placed appellant on
community supervision.  Even if we were to construe the juvenile court’s
order as attempting to excuse appellant from registering retroactively,
appellant has not cited any authority giving the juvenile court the ability to
make such an order retroactive.  See Tex. Code Crim. Proc. Ann.
arts. 62.351–.53 (Vernon 2006).  None of the void
judgment scenarios listed above apply.  Moreover, appellant’s counsel
admitted at the motion for new trial that the trial court had jurisdiction to
place appellant on community supervision in October 2006.  Accordingly, we
conclude and hold that the void judgment exception does not apply and, thus,
that appellant cannot challenge his original placement on community supervision
in this appeal.  See Nix, 65 S.W.3d
at 668.

         
Accordingly, we overrule appellant’s first issue.

         
In his second issue, appellant challenges the trial court’s denial of his
motion for new trial based on newly discovered evidence.

         
A motion for new trial must be granted when material evidence favorable to the
accused has been discovered since trial.  Tex. Code
Crim. Proc. Ann. art. 40.001 (Vernon 2006); Frank v. State, 183 S.W.3d 63, 71 (Tex. App.––Fort Worth 2005, pet. ref’d).  To show the trial court abused its discretion
by denying a motion for new trial raising new evidence grounds, the appellant
must show that (1) the newly discovered evidence was unknown or unavailable to
him at the time of his trial, (2) appellant’s failure to discover or obtain the
evidence was not due to a lack of diligence, (3) the new evidence is admissible
and not merely cumulative, corroborative, collateral, or impeaching, and (4)
the new evidence is probably true and will probably bring about a different
result in another trial.  Wallace v. State, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003); Frank, 183 S.W.3d at 71.

         
Appellant’s motion for new trial alleged that his counsel did not know of the
juvenile court’s order; however, after a hearing, the trial court determined
that although appellant’s counsel was not aware of the order, appellant was
aware of it.  Appellant testified that he knew about the juvenile court’s
order when it was rendered because he was present, but he had forgotten about
it since that time and did not know where the copy of the order was located.

Evidence
that is known to the appellant, but which the appellant does not communicate to
his or her attorney, is not “newly discovered” for purposes of article 40.001. 
See Drew v. State, 743 S.W.2d
207, 227 & n.14 (Tex. Crim. App. 1987); Zamora
v. State, 647 S.W.2d 90, 95 (Tex. App.––San
Antonio 1983, no pet.).  Thus, we conclude and hold that the trial
court did not abuse its discretion by denying appellant’s motion for new trial.

         
We overrule appellant’s second issue.

Conclusion

Having
overruled both of appellant’s issues, we affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL: 
LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 10,
2011

 











[1]See
Tex. R. App. P. 47.4.





[2]Appellant’s
attorney in the juvenile court was not the same counsel who represents
appellant on appeal and who also represented appellant at trial in this cause
number.