

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00056-CR

DUSTIN CORNELL

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In two issues, Dustin Cornell challenges the trial court's jurisdiction to revoke his community supervision and the trial court's denial of his motion for new trial. We affirm.

## Background

When he was a juvenile, appellant was adjudicated delinquent for an offense that would require him to register as a sex offender. On June 1, 2006, he

---

[1]See Tex. R. App. P. 47.4.

was indicted for violating the registration statute. Tex. Code Crim. Proc. Ann. art. 62.102(a) (Vernon 2006). He pled guilty to the offense on October 12, 2006; the trial court sentenced him to two years' confinement but suspended the sentence and placed appellant on community supervision.

A month later, on November 13, 2006, appellant filed a motion with the juvenile court asking to be excused from registering as a sex offender. The juvenile court signed an order excusing appellant from registering as a sex offender, which order was entitled, "Sex Offender Registration Order Registration Excused Retroactively [de-registration]." The order does not specifically say, however, that appellant was retroactively excused from registering. Because of that order, appellant stopped registering. However, neither appellant nor his attorney at that time[2] moved the trial court to terminate his community supervision.

On October 15, 2009, the State filed a motion to revoke appellant's community supervision alleging that appellant had violated his community supervision by driving while intoxicated, consuming alcohol, refusing to give a blood or breath specimen, having a positive urine test for THC, and by failing to complete four hours per week of community service restitution. Appellant pled true to the allegations in the motion on November 19, 2009, and the trial court

---

[2]Appellant's attorney in the juvenile court was not the same counsel who represents appellant on appeal and who also represented appellant at trial in this cause number.

sentenced him to nine months' confinement in state jail. Appellant's trial and appellate counsel received a fax on December 8, 2009 from a family member of appellant with the juvenile court's de-registration order attached. Appellant's counsel had not been aware of the order until then. Appellant's counsel timely filed a motion for new trial, which the trial court denied after a hearing.

**Analysis**

In his first issue, appellant contends that the trial court did not have jurisdiction to revoke his community supervision.

Generally, an appellant may not raise issues related to the trial court's placement of the appellant on community supervision in appeals filed after that community supervision is revoked. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). There are two exceptions to this rule: the void judgment exception and the habeas corpus exception. *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). Appellant argues that the void judgment exception applies here.

"The void judgment exception recognizes that there are some rare situations in which a trial court's judgment is accorded no respect due to a complete lack of power to render the judgment in question." *Id*. "A void judgment is a 'nullity' and can be attacked at any time." *Id*. at 667–68. In other words, to avoid the *Manuel* rule, the trial court must have had no power to render the initial community supervision order. *Id*. at 668. A judgment is void when (1) the document purporting to be a charging instrument does not satisfy the

3

constitutional requisites of a charging instrument, (2) the trial court lacks subject matter jurisdiction over the offense charged, (3) there is no evidence to support the conviction, or (4) an indigent defendant who has not waived the right to counsel is forced to face criminal proceedings without counsel. *Id.*

The juvenile court's order excusing appellant from registering as a sex offender did not exist at the time the trial court placed appellant on community supervision. Even if we were to construe the juvenile court's order as attempting to excuse appellant from registering retroactively, appellant has not cited any authority giving the juvenile court the ability to make such an order retroactive. *See* Tex. Code Crim. Proc. Ann. arts. 62.351–.53 (Vernon 2006). None of the void judgment scenarios listed above apply. Moreover, appellant's counsel admitted at the motion for new trial that the trial court had jurisdiction to place appellant on community supervision in October 2006. Accordingly, we conclude and hold that the void judgment exception does not apply and, thus, that appellant cannot challenge his original placement on community supervision in this appeal. *See Nix*, 65 S.W.3d at 668.

Accordingly, we overrule appellant's first issue.

In his second issue, appellant challenges the trial court's denial of his motion for new trial based on newly discovered evidence.

A motion for new trial must be granted when material evidence favorable to the accused has been discovered since trial. Tex. Code Crim. Proc. Ann. art. 40.001 (Vernon 2006); *Frank v. State*, 183 S.W.3d 63, 71 (Tex. App.—Fort

4

Worth 2005, pet. ref'd). To show the trial court abused its discretion by denying a motion for new trial raising new evidence grounds, the appellant must show that (1) the newly discovered evidence was unknown or unavailable to him at the time of his trial, (2) appellant's failure to discover or obtain the evidence was not due to a lack of diligence, (3) the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching, and (4) the new evidence is probably true and will probably bring about a different result in another trial. *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003); *Frank*, 183 S.W.3d at 71.

Appellant's motion for new trial alleged that his counsel did not know of the juvenile court's order; however, after a hearing, the trial court determined that although appellant's counsel was not aware of the order, appellant was aware of it. Appellant testified that he knew about the juvenile court's order when it was rendered because he was present, but he had forgotten about it since that time and did not know where the copy of the order was located.

Evidence that is known to the appellant, but which the appellant does not communicate to his or her attorney, is not "newly discovered" for purposes of article 40.001. *See Drew v. State*, 743 S.W.2d 207, 227 & n.14 (Tex. Crim. App. 1987); *Zamora v. State*, 647 S.W.2d 90, 95 (Tex. App.—San Antonio 1983, no pet.). Thus, we conclude and hold that the trial court did not abuse its discretion by denying appellant's motion for new trial.

We overrule appellant's second issue.

5

**Conclusion**

Having overruled both of appellant's issues, we affirm the trial court's judgment.

PER CURIAM

PANEL: LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 10, 2011