

NUMBER 13-10-00580-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSE LUIS GARCIA,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

**On appeal from the 148th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Justices Garza, Benavides and Perkes
Memorandum Opinion by Justice Garza**

A jury convicted appellant, Jose Luis Garcia, of twenty counts of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2011).[1] The jury assessed punishment at five years' imprisonment on each of counts one and two. As to the remaining counts, the jury assessed punishment at ten years' imprisonment and a $10,000 fine for each count, suspended the punishment, and placed appellant on

---

[1] We note that section 22.021 of the penal code was amended in 2011; those amendments are not applicable here, and we cite to the current version of the statute. *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2011).

community supervision for ten years. The trial court ordered the sentences in counts one and two to run consecutively. By four issues, appellant contends: (1) the trial court's cumulation order violated the ex post facto provisions of the state and federal constitutions; (2) the trial court violated the *Apprendi* line of cases by stacking counts one and two without a finding of fact from the jury as to when the offenses allegedly occurred[2]; (3) the trial court erred in denying his motion for new trial because his trial counsel was ineffective in failing to investigate the victim's reputation for veracity; and (4) the trial court erred in denying his motion for new trial because of alleged juror misconduct. We affirm.

## I. BACKGROUND

M.G., the child victim, was nineteen years old at the time of trial. In April 2009, when she was seventeen, she outcried that appellant, her father, had sexually abused her continuously from the time she was five or six years old until she was eleven or twelve. M.G. testified about the abuse at trial. Appellant denied that he had ever sexually abused M.G.

Count one of the indictment alleged that appellant sexually abused M.G. on or about August 1, 1997; count two alleged sexual abuse that occurred on or about August 1, 1998. As noted above, the jury sentenced appellant to five years' imprisonment for counts one and two, and the trial court cumulated the sentences for counts one and two. Appellant's first two issues challenge the trial court's cumulation order.

## II. EX POST FACTO CHALLENGE

By his first issue, appellant contends that the trial court's cumulation order violated the ex post facto provisions of the state and federal constitutions.

---

[2] *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt").

2

Section 3.03 of the penal code provides that if an accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run consecutively if each sentence is for a conviction of indecency with a child, aggravated sexual assault, or other enumerated offenses.  TEX. PENAL CODE ANN. § 3.03(b)(2)(A) (West Supp. 2011).  This section became effective on September 1, 1997 and only applies to offenses that were committed after that date.  *See Hendrix v. State,* 150 S.W.3d 839, 852 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (citing Act of June 13, 1997, 75th Leg., R.S., ch. 667, § 7, 1997 TEX. GEN. LAWS 2250, 2252–53); *Ponce v. State*, 89 S.W.3d 110, 119 (Tex. App.—Corpus Christi 2002, no pet.).  Prior to the effective date of the amendment, section 3.03 provided that if an accused is found guilty of more than one offense arising out of the same criminal episode, the sentences for each offense shall run concurrently.  *Ponce*, 89 S.W.3d at 119.

Appellant argues that:  (1) if the incidents that form the basis of counts one and two were both committed before September 1, 1997, the trial court had no discretion to stack the sentences; (2) if the assaults occurred both before *and* after September 1, 1997, the issue of whether stacked sentences are authorized is "unsettled"; and (3) the trial court's cumulation order for offenses that occurred prior to the 1997 amendment violates the ex post facto provisions of the state and federal constitutions.  The State argues that appellant's issue:  (1) is inadequately briefed and presents nothing for review; and (2) lacks merit.

Assuming, without deciding, that appellant's argument is adequately briefed, we are unpersuaded by it.  In *DeLeon v. State*, 294 S.W.3d 742, 745 (Tex. App.—Amarillo 2009, pet. ref'd), the Amarillo Court of Appeals found that the trial court exercised its discretion by imposing consecutive sentences where, as in the present case, some of

3

the section 3.03(b) offenses were committed before the effective date of the 1997 amendment and some were committed after the amendment. *See id.* at 747. The court of appeals held that the trial court properly cumulated the sentences for the offenses occurring after September 1, 1997, *see id.*, and that no ex post facto violation occurred. *See id.* at 749. Appellant argues that the *DeLeon* court's reasoning is "flawed." We disagree.

"The date of commission is not an element of any crime, and section 3.03(b) does not specify an evidentiary burden to trigger the court's authority to cumulate sentences." *Owens v. State*, 96 S.W.3d 668, 672 (Tex. App.—Austin 2003, no pet.). Thus, "the trial court has discretion to cumulate sentences under section 3.03(b) when there is some evidence that the offenses occurred after September 1, 1997." *Id.*; *see also Hendrix v. State*, 150 S.W.3d 839, 853–54 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (holding that, although indictments and judgments each stated an offense date prior to exception in section 3.03 allowing for cumulation, trial court had discretion to cumulate sentences because there was some evidence in record that offenses occurred on or after September 1, 1997). Here, the record shows that M.G. was born in 1991, and testified that she was abused "two to three times a week" from the time she was five or six years old (in 1996 or 1997) until she was in fourth or fifth grade. Accordingly, the evidence shows that the sexual abuse of M.G. continued to occur until at least 2000, well after the September 1, 1997 effective date of the cumulation statute. We conclude that the evidence supports the trial court's exercise of its discretion under section 3.03(b) to order appellant's sentences for counts one and two to run consecutively. We overrule appellant's first issue.

### III. *APPRENDI* VIOLATION

By his second issue, appellant contends that, "in order to stack the two counts, the trial court implicitly found that either one or both of the offenses alleged in Counts 1 and 2 occurred after September 1, 1997." According to appellant, the trial court "violated *Apprendi* and its progeny by stacking Counts 1 and 2 without a finding of fact from the jury as to when the offenses allegedly occurred."

The court of criminal appeals has held that "the *Apprendi* line of cases does not apply to a trial court's decision to cumulate jury-imposed sentences." *Alameda v. State*, 235 S.W.3d 218, 224 (Tex. Crim. App. 2007) (citing *Barrow v. State*, 207 S.W.3d 377 (2006)). We overrule appellant's second issue.

#### IV. INEFFECTIVE ASSITANCE

By his fourth issue, appellant contends the trial court erred in denying his motion for new trial because his trial counsel was ineffective in failing to investigate M.G.'s reputation for veracity and failing to present evidence of her poor reputation for veracity. At the hearing on the motion for new trial, appellant's appellate counsel presented the testimony of various family members who testified that M.G. had a bad reputation for truthfulness. Appellant argues that he was prejudiced by his trial counsel's failure to present this evidence because M.G.'s credibility was the most important issue at trial.

At the new trial hearing, appellant's trial counsel testified that, although he had met multiple times with appellant and M.G.'s sister, neither had suggested to him that he should talk with other family members. He also stated that, even if he had known of the witnesses, he would not have presented them at trial because M.G. was a very effective witness and he believed the family members' testimony would have had an adverse effect on the jurors. Appellant's trial counsel noted that he elicited testimony from M.G.'s sister that she did not believe M.G.'s story, that M.G. had asked her to lie,

5

and that M.G. abused drugs and alcohol and had emotional problems. In counsel's opinion, the testimony of M.G.'s sister effectively communicated appellant's defense that M.G. was not telling the truth about the alleged abuse. Counsel stated that he specifically asked appellant and M.G.'s sister about witnesses that would challenge M.G.'s credibility, but he was not given the family members' names.

At the conclusion of the hearing, the trial court ruled that M.G.'s "credibility was challenged by the [d]efense [at trial]" and overruled appellant's motion for new trial on that basis.

"We review a denial of a motion for new trial under an abuse of discretion standard." *Cueva v. State*, 339 S.W.3d 839, 857 (Tex. App.—Corpus Christi 2011, pet. ref'd). "A trial court abuses its discretion by denying a motion for new trial only when its decision is arbitrary or unreasonable—that is, when no reasonable view of the record could support the trial court's ruling." *Id.* Here, we review appellant's ineffective assistance claim and the two prongs of *Strickland v. Washington*[3] through this abuse of discretion standard of review, reversing only if the trial court's decision was arbitrary or unreasonable. *See id.*

"To obtain a reversal of a conviction under the *Strickland* test, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome of the proceeding." *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Deficient performance means that 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Ex parte Napper*, 322 S.W.3d 202, 246 (Tex. Crim. App. 2010)

---

[3] 466 U.S. 668, 686 (1984).

(quoting *Strickland*, 466 U.S. at 687). "To establish deficient performance, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness.'" *Id.* (quoting *Strickland*, 466 U.S. at 688). "The prejudice prong of *Strickland* requires showing 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 248 (quoting *Strickland*, 466 U.S. at 694). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). "[E]ach case must be judged on its own unique facts." *Davis*, 278 S.W.3d at 353.

The burden is on appellant to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that his actions could be considered sound trial strategy. *See Strickland*, 466 U.S. at 689; *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). A reviewing court will not second-guess legitimate tactical decisions made by trial counsel. *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) ("[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of a strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate . . . ."). Counsel's effectiveness is judged by the totality of the representation, not by isolated acts or omissions. *Thompson*, 9 S.W.3d at 813; *Jaynes*, 216 S.W.3d at 851. An allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 814 n.6.

To obtain relief on an ineffective assistance claim based on an uncalled witness, the defendant must show that the witness was available to testify and the testimony sought would have been of some benefit to his defense. *Crawford v. State*, 355 S.W.3d 193, 199 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd); *see Tutt v. State*, 940 S.W.2d 114, 121 (Tex. App.—Tyler 1996, pet. ref'd) (finding DWI defendant's trial counsel was not ineffective for failing to call certain witnesses when their testimony would have been cumulative of other testimony).

Here, trial counsel's defensive theory was to challenge M.G.'s credibility. He did so by eliciting testimony from M.G.'s sister that she believed M.G. was "making up" the sexual abuse allegations against appellant, that there were many discrepancies in M.G.'s story, and that M.G. was homeless and using drugs. The witnesses that testified at the new trial hearing all testified that M.G. had a "bad" reputation for telling the truth but did not elaborate or provide any basis for their opinion. The uncalled witnesses' testimony is cumulative of M.G.'s sister's testimony. We conclude that appellant has not shown a reasonable probability that the testimony of the uncalled family witnesses would have affected the outcome of the trial. *See Castellano v. State*, 49 S.W.3d 566, 576 (Tex. App.—Corpus Christi 2001, pet. ref'd) ("We will sustain the defendant's [ineffective assistance] challenge only if the consequence of the failure to investigate is that the only viable defense available to the accused is not advanced, and there is a reasonable probability that, but for counsel's failure to advance the defense, the result of the proceeding would have been different"); *Tutt*, 940 S.W.2d at 121. We overrule appellant's fourth issue.

## V. ALLEGED JUROR MISCONDUCT

8

By his fourth issue, appellant contends the trial court erred in denying his motion for new trial because at least two jurors slept during portions of his trial. The State argues that: (1) appellant failed to preserve any issue for review because he did not object at the time of the alleged juror misconduct; and (2) even if appellant preserved the issue, the trial court did not abuse its discretion because there was conflicting evidence in the record.

It is undisputed that appellant did not complain of sleeping jurors during the trial, but he did assert that he was entitled to a new trial on this basis in his motion for new trial. Assuming, without deciding, that appellant preserved the issue by raising it in his motion for new trial, we find appellant's argument to be unpersuasive.

At the hearing on appellant's motion for new trial, appellant and his sister, daughter, sister-in-law, and friend each testified that they saw two jurors sleeping for short periods of time during the trial. However, the record reflects that the bailiff, appellant's trial counsel, the prosecutor, and the trial judge did not see any sleeping jurors.

A court has considerable discretion in deciding how to handle sleeping jurors. *Menard v. State*, 193 S.W.3d 55, 60 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (citing *United States v. Freitag*, 230 F.3d 1019, 1023 (7th Cir. 2000)). "The trial court should consider whether 'the sleeping juror missed large portions of the trial or [whether] the portions missed were particularly critical.'" *Id.* (citing *Freitag*, 230 F.3d at 1023) (finding no abuse of discretion in refusing to excuse juror whom trial judge, Assistant United States Attorney, and defense counsel noticed sleeping on at least two occasions, because there was no evidence that juror missed large portions of trial or

9

that portions missed were particularly critical, and because defense counsel failed to raise issue when he first noticed juror sleeping).

Here, appellant's sister, Gabriella Garcia Aguilar, testified that she saw two jurors sleeping during two days of the punishment phase of the trial. Aguilar testified that one of the jurors fell asleep for "three to five minutes" "three or four times" for a total of about twenty minutes during the morning and fell asleep for about the same amount of time during the afternoon session. The following morning, she saw the same juror sleep for about six minutes. She saw another juror fall asleep for about three minutes on one morning. Aguilar testified that she reported the sleeping jurors to appellant's trial counsel's legal assistant, but did not report it to appellant's counsel.

Jennifer Nicole Garcia, appellant's daughter, testified that she observed one juror sleeping during the guilt/innocence phase of the trial for "five to ten minutes." Amy Acuna, a friend of the family, testified that she saw two jurors sleeping during the guilt/innocence phase of the trial. Finally, appellant testified that he saw two jurors fall asleep "once in a while" for "short periods of time."

Appellant's trial counsel testified that he did not see any jurors sleeping. At one point during the punishment phase, his legal secretary reported that one of appellant's family members told her that a couple of the jurors had fallen asleep. Appellant's counsel instructed his legal secretary to watch the jurors and notify him if any of the jurors fell asleep. Sandra Franco, the bailiff for the trial court, testified that she did not see any of the jurors sleeping. At the conclusion of the hearing, the trial court noted that during the eight-day trial, "never once was any such concern made known to the Court by any of those witnesses." We conclude that the record does not establish that any of the jurors missed significant portions of the trial. *See id.*; *see also Lee v. State,* No. 01–

10

03–00655–CR, 2004 WL 2903508, at *2–3 (Tex. App.—Houston [1st Dist.] Dec. 16, 2004, pet. ref'd) (mem. op., not designated for publication) (holding that trial court did not abuse its discretion in failing to remove juror who repeatedly nodded off for five-second intervals because juror did not miss large portions of trial, portions missed were favorable to State rather than appellant, and appellant did not object to juror's continued service on jury). Moreover, the trial court was in the best position to evaluate the credibility of the witnesses, and was free to believe some witnesses and disbelieve others. *See Dickerson v. State*, 87 S.W.3d 632, 641 (Tex. App.—San Antonio 2002, no pet.) ("The trial court is in the best position to observe the demeanor of the jurors. Where there is conflicting evidence on an issue of fact as to jury misconduct, the trial judge determines the issue and there is no abuse of discretion in overruling the motion for new trial."); *Zamora v. State*, 647 S.W.2d 90, 94 (Tex. App.—San Antonio 1983, no pet.) ("It is well established that issues as to jury misconduct raised at a hearing on a motion for new trial are for the determination of the trial judge, and where there is conflicting evidence there is no abuse of discretion where the motion for new trial is overruled."). The trial court did not abuse its discretion in denying appellant's motion for new trial on this basis, and we overrule appellant's fourth issue.

## VI. CONCLUSION

We affirm the trial court's judgment.

_____
DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
21st day of February, 2013.

11