**385-15**

NO. PD-0385-15

ORIGINAL

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

Joe Don McDonald, Appellant

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 02 2015

Abel Acosta, Clerk

VS

The State of Texas, Appellee

Petition For Discretionary Review

of Opinion NO. 02-14-00113-CR

From Second Court Appeals,

FILED IN
COURT OF CRIMINAL APPEALS

JUN 18 2015

Abel Acosta, Clerk

From the 355 District Court

Hood County, Texas

Trial Court NO. CR12488

# IDENTITIES Of PARTIES And Counsel

Hon. Ralph H. Walton, Jr
Judge, 335 District Court
Hood County Justice Center          District Judge
1200 W. Pearl St.
Granbury, TX 76048


Robert T. Christian
District Attorney
Hood County Justice Center          District Attorney
1200 W. Pearl St
Granbury TX 76048


Matthew A. Mills
2613 E Hwy 377, Suite 103          Trial Attorney
Granbury TX 76049


E. Mark Piland
115 W. Pearl Suite 106             Attorney for Appellant
Granbury TX 76048
SBN 16008870

Joe Don McDonald
TDC # 1908695          - Appellant
Bartlett State Jail          Pro, Se,
1018 Arnold Dr
Bartlett, TX 76511


Chief, Justice
Terrie Livingston          - Second District
Tim Curry Criminal Justice Center  Court Appeals
401 W, Belknap, Suite 9000
Fort Worth Tex 76196


Lee Ann Dauphinot
Tim Curry Criminal Justice Center - Second District
401 W. Belknap Suite 9000          Court Appeals
Forth Worth TX 76196


Lee Gabriel
Tim Curry Criminal Justice Center - Second District
401 W. Belknap Suite 9000          Court Appeals
Fort, Worth TX 76196

# Table Of Contents

A. Idenity of Judges, Parties, and Counsel - Pg. 2-3

B. Table of Contents     Pg. 4

C. Index of Authorities     Pg. 5

d. Statement Regarding Oral Argument     Pg. 6

E. Statement of the Case.     Pg. 7-8

F. Statement of Procedural History     Pg. 9

G. Grounds for Review     Pg. 10-11

H. Argument     Pg. 12-16

I. Prayer for Relief     Pg. 17

J. Appendix     Pg. 18

# Index of Authorities

## U.S. Contitutional Amendments

U.S. Const. Amend. V          Pg. 11, 13, 14, 15

U.S. Const. Amend. XIV          Pg. 11, 13, 14, 15

## CASES

Rogers Vs. Lynaugh, 848 F. 2d 606 Pg. 12, 13, 14, 15

## Referances

West's Texas Digest 2d. —Criminal Law ⌐ 723(1)
Appeals to sympathy or prejudice; In general.
Page ＃ 13
West's Texas Digest 2d —Criminal Law ⌐ 1171.1(6)
Argument and Conduct of Counsel — Appeal to
Sympathy or prejudice; argument as to Punishment
Page 14

Page 5

## Statement Regarding Oral Argument

I don't believe that oral argument will be benifical for my petition at this time.

## Statement Of The Case

Appellant Joe Don McDonald was indicted For Delivery of Controlled Substance, methamphetamine one to four grams that occurred on or about February 16, 2013 in Hood County, Texas. There was one enhancement paragraph for a previous conviction on October 1, 1991 for delivery of a controlled substance, So the range of punishment for this offense was 5 years to 99 years, or life.

On January 13, 2014 a twelve-person jury was selected and sworn, the indictment was read, and the Appellant entered a plea of "not guilty". On January 16 2014 the indictment

Page 7

Was re-read and Mr. McDonald changed his plea to "guilty" pled, and the evidence began. ON JANUARY 16, 2013 the jury assessed punishment at 40 years Confinement in TDCJ.

ON February 3, 2014 Appellant timely filed a motion for New Trial and Motion in Arrest of judgment, which was heard and denied ON March 21, 2014. A notice of Appeal was timely filed ON March 26, 2014.

ON March 26, 2015 Second District Court of Appeals Fort Worth. Justice Lee Ann Dauphinot gave Judgment affirmed trial court's judgment.

Statement of Procedural History

1. March 26, 2015 Second District Court of Appeals Fort Worth gave judgment on NO. 02-14-00113-CR.

2. Appellant pro,se motion for an extension of time in which to file the petition for Discretionary Review, file on 4-13-2015 and extended to June 26, 2015.

Page 9

## Grounds For Review

In the closing arguments of prosecution of Cause No. CR-12488 it states "But you know what he served before he get's the ten-year sentence, right? He hasn't even served two year of 20 so far, right? He has done the very samething in the very same community, our community. It's -- it's an offense that needs to be answered for. And he needs to serve the time that he was sentenced to, at least 10, 20 years ago". (RR V3 Pg 117 to 118) The grounds are, the District Attorney urged The jury in the final 2 minutes of his

- Closing arguments to asess an additional punishment to the earlier punishment assesed and served, and thus multiple punishments for the prior offenses. Under the U.S. Const. Amend V guaranteeing against Double Jeopardy enforced thru

- U.S. Const Amend XIV protects Citizens of TEXAS against multiple punishments for the same offense.

# Argument

I Joe Don McDonald, believe the court of Appeals of Texas needs to review my Appeal based upon the ruling of Rogers Vs Lynaugh in the U.S. Court of Appeals for 5th curcuit, 1988, The argument is,

The District Attorney in his closing argument to the jury cannot or should not urge the jury to asses an additional punishment to a crime that has already been assesed and served. After reading Rogers Vs Lynaugh, 848 F.2d 606, and comparing to what was stated in the last 2min of my case by the District Attorney, the cases are striking

Similar, IN West's Texas Digest 2d Criminal Law 723(1) Appeals to sympathy or prejudice; In general, Rogers Vs Lynaugh, 848 F.2d. 606, "State committed constitutional error in it's closing argument to jury during sentencing phase of trial by asserting that prior offenses and current robbery offense were each "worth at least 10 years"; State was necessarily urging jury to assess the punishment in addition to earlier punishment, and thus multiple punishments for each of the three prior offenses, in violation of double jeopardy. U.S.C.A. Const. Amend. 5" (Rogers Vs Lynaugh, 848 F.2d 606.)

Page 13

- Also in West's Texas Digest 2d Criminal Law 1171.1 (6) Argument and conduct of Counsel - Appeals to sympathy or prejudice; argument as to punishment. "Constitutional error in Closing argument to jury during Sentencing phase of trial, which occurred
- When prosecutor told jury that each of three prior offenses and current robbery offense was "worth at least 10 years" thereby urging jury to assess multiple punishment for each of three prior offenses was not harmless; there was affirmative
- evidence of harmful effect in fact that, from among its many sentencing options

Page 14

jury selected very 40 years prison term advocated by the state at the very time it made its argument in Controvention of guaramtee against double jeopardy U.S.C.A. Const. Amend. 5." (Rogers Vs Lynaugh, 848 F.2d 606.) From what I understand, when you read the excerpt from the record (RRV3 P 117 to 118) in the grounds, looking specifically at how the District Attorney phrases his arguments to the jury. It is apparent that he was urging the jury to assess an additional punishment. In my case for a conviction in 1991, I hade already recieved, served, and Completed.

Page 15

IN Closing, the last sentence of the grounds, when the District Attorney states "And he needs to serve the time that he was sentenced to at least 10, 20 years ago". It is obvious he wants the jury to assess a new punishment for the 1991 conviction, which is a multiple punishment for same offense.

Page 16

## Prayer for Relief

The Appellant ask the Court of Criminal Appeals of Texas to conduct Discretionary Review of Opinion of 2nd Court of Appeals. Appellant prays the Court will find the Constitutional Error in the closing arguments and send Case back to 355th District Court for a new punishment hearing. Appellant also ask for favor since petition was written and researched at the Law Library of Bartlett State Jail, Bartlett, Texas. Thank you all for your time and service.

# Appendix

Second Court Appeals opinion      Pg. 1-12



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00113-CR

JOE DON MCDONALD                                                    APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
TRIAL COURT NO. CR12488

----------

## MEMORANDUM OPINION[1]

----------

Appellant Joe Don McDonald pled guilty to the delivery of a controlled substance, methamphetamine, in the amount of one gram or more but less than four grams,[2] after the jury was selected. He entered a plea of true to the

----

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Health & Safety Code Ann. § 481.112(a)(c) (West 2010).

enhancement paragraph of the indictment, increasing the punishment range to that of a first-degree felony.[3] The jury assessed his punishment at forty years' confinement and no fine. The trial court sentenced him accordingly.

Appellant brings two points. In his first point, Appellant argues in various ways that trial counsel provided ineffective assistance at guilt, rendering his guilty plea involuntary. In his second point, Appellant argues that trial counsel provided ineffective assistance at punishment by failing to object to questions and argument concerning the effect of parole and good-time laws on Appellant. Because Appellant has failed to sustain his burden of showing ineffective assistance of counsel, we affirm the trial court's judgment.

**Brief Facts**

Hood County Sheriff's Department investigators received a tip that Appellant was selling methamphetamine and would sell to anyone. They called and texted Appellant and arranged to buy methamphetamine from him for $175. As soon as the investigators had purchased the drugs, they arrested Appellant. The delivery was captured on video.

**Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that his counsel's representation was deficient

---

[3]*See* Tex. Penal Code Ann. § 12.42(b) (West Supp. 2014).

and that the deficiency prejudiced the defense.[4] An ineffective-assistance claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim.[5]

In evaluating the effectiveness of counsel under the deficient-performance prong, we look to the totality of the representation and the particular circumstances of each case.[6] The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.[7] Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct was not deficient.[8]

The prejudice prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, that is, a trial with a reliable result.[9] In other words, an appellant must show there is a reasonable

---

[4]*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

[5]*Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

[6]*Id.*

[7]*See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065; *Nava*, 415 S.W.3d at 307.

[8]*Nava*, 415 S.W.3d at 307–08.

[9]*Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

probability that, without the deficient performance, the result of the proceeding would have been different.[10] A reasonable probability is a probability sufficient to undermine confidence in the outcome.[11] The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged.[12]

**Guilt Phase Allegations**

In his first point, Appellant argues that his guilty plea was involuntary because his trial counsel committed ineffective assistance by (1) arguing with Appellant in front of prospective jurors, (2) failing to advise Appellant of a possible entrapment defense, and (3) refusing to request a continuance. Appellant concedes that because the claims raised in his first point were raised by a motion for new trial, the *Strickland* prongs are viewed through the prism of an abuse of discretion standard and that, looking at the evidence in the light most favorable to the trial court's ruling, this court should reverse the case only if no reasonable view of the record could support the trial court's finding.[13] Appellant

[10]*Id.* at 694, 104 S. Ct. at 2068; *Nava*, 415 S.W.3d at 308.

[11]*Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Nava*, 415 S.W.3d at 308.

[12]*Strickland*, 466 U.S. at 697, 104 S. Ct. at 2070.

[13]*See Arroyos v. State*, Nos. 02-11-00135-CR, 02-11-00136-CR, 2012 WL 1555900, at *1 (Tex. App.—Fort Worth May 3, 2012, no pet.) (mem. op., not designated for publication). *See also Colyer v. State*, 428 S.W.3d 117, 122 (Tex.

4

argues, however, that no reasonable view of the record could support the trial court's refusal to grant the motion for new trial and that given the evidence presented at the hearing, the refusal to grant the motion for new trial was arbitrary or unreasonable, citing a case from the Texas Court of Criminal Appeals as well as a case from this court.[14] He further argues that his ineffective assistance claims rise to the level of a violation of his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments.

We address each allegation below.

### Argument in the Hallway

Appellant and his sister testified at the hearing on his motion for new trial that Appellant and his trial attorney had a ten-minute argument in the hallway before jury selection. Trial counsel doubled up his fists and hit himself in the face in frustration with Appellant in the presence of venire members, lawyers, and other people who were in the hallway outside the courtroom before jury selection began. Appellant wanted counsel to request a continuance or to "do something other than what was getting done." Both Appellant and his sister testified that prospective jurors were present during the argument. No other evidence of the argument was presented to the trial court.

---

Crim. App. 2014) (providing that we review the denial of a motion for new trial for an abuse of discretion).

[14]See *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); *Thomas v. State*, 31 S.W.3d 422, 428 (Tex. App.—Fort Worth 2000, pet. ref'd).

Appellant presents his issue as an instance of ineffective assistance of counsel that caused him to plead guilty. It is unclear whether Appellant is arguing that the future members of the jury were negatively influenced by the argument. We conclude from the record and brief that Appellant contends that the argument contributed to his decision to plead guilty.

The trial judge alone determines the credibility of the witnesses at a hearing on a motion for new trial.[15] Although Appellant and his sister both testified to the argument, the trial judge was free to believe or to disbelieve them.[16] Nothing in the record shows that the jurors who actually sat on the case were in any way affected by the argument. Appellant entered his guilty plea three days after the argument. In accepting Appellant's plea, the conscientious trial judge made detailed inquiry into the voluntariness of the plea, whether Appellant understood what he was doing, and whether Appellant had any complaints about his counsel. Appellant stated on the record at that time that he was satisfied with trial counsel's representation. He also said that his plea was voluntary and that he understood what he was doing when he entered his plea. Neither the record nor argument of counsel shows that Appellant would not have entered his guilty plea except for the

---

[15] *Colyer*, 428 S.W.3d at 122.

[16] *See id.*

6

argument in the hallway.[17]  Accordingly, he has not met his burden to prove ineffective assistance in this instance.[18]

## Entrapment Defense and Conspiracy Evidence

Entrapment is a statutory defense:

> It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense.  Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.[19]

Appellant argues that because one sheriff's department investigator called him repeatedly to get him to make the drug delivery, he had a viable entrapment defense.  The record does not support that conclusion.  The Texas Court of Criminal Appeals has explained,

> The question becomes whether the persuasion used by the law enforcement agent was such as to cause a hypothetical person—an ordinarily lawabiding person of average resistance—to commit the offense, not whether it was such as to cause the accused himself, given his proclivities, to commit it.[20]

The record does reflect that Appellant told the officer who interviewed him that he always got his drugs from the same person in Fort Worth but that if

---

[17]*See* Tex. Code Crim. Proc. Ann. art. 26.13(b) (West Supp. 2014); *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).

[18]*See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

[19]Tex. Penal Code Ann. § 8.06(a) (West 2011).

[20]*England v. State*, 887 S.W.2d 902, 908 (Tex. Crim. App. 1994).

7

people wanted drugs he had, he usually just gave the drugs to them. Appellant's statement therefore seems to suggest that he usually did not demand payment. But a delivery offense does not require payment for the drugs.[21] The gravamen of the offense here is the transfer from Appellant to another person.[22] Thus, the record as it stands after the hearing on the motion for new trial does not reflect a viable entrapment defense. Consequently, the failure to advise Appellant of the possibility of an entrapment defense, under the facts of this case, is not failure to provide effective assistance of counsel.[23]

Appellant also argues that his plea was involuntary and unknowing because trial counsel did not present evidence that there was a conspiracy in the Hood County Sheriff's Department to arrest Appellant. Appellant testified at the hearing on his motion for new trial that he had been contacted by the Texas Rangers to be an informant against the Aryan Brotherhood gang. Afterward, Appellant came to know another informant for law enforcement. Appellant later was assaulted and robbed, and he believed that the informant he had met was partly responsible for his assault. Appellant testified that he reported the assault to Investigator Watt and then complained to the Attorney General's Office and

---

[21]*See* Tex. Health & Safety Code Ann. § 481.002(8)–(9) (West Supp. 2014); *Lopez v. State*, 108 S.W.3d 293, 297 (Tex. Crim. App. 2003).

[22]*See Lopez*, 108 S.W.3d at 297.

[23]*See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

8

the Governor's Office when the Hood County Sheriff's Department did not arrest his assailants. Appellant testified that he believed that the Hood County Sheriff's Department wanted him "put away" because of the complaints he had made to the Attorney General's Office and the Governor's Office.

The State argues that even assuming that such a conspiracy existed, Appellant has not shown how trial counsel was ineffective for not presenting evidence of a conspiracy. We agree.[24] Further, the State points out that unless Appellant had evidence that he did not discuss at the hearing on his motion for new trial, he was the only witness who could testify in support of the conspiracy allegation. That means that he would been required to waive his Fifth Amendment right to remain silent, take the stand, and admit his criminal record and that he was associated with drug users, drug dealers, and the Aryan Brotherhood gang. As the State argues, "In all, this evidence would have reflected poorly on Appellant's character, and done little to prove whether or not Appellant delivered methamphetamine to Investigator Ray Miller on February 17, 2013."

### No Request for Continuance

Finally, Appellant argues within his first point that trial counsel rendered ineffective assistance by refusing to request a continuance. Appellant contends that he would have benefitted from trying to find a new lawyer and by exploring

---

[24] *See id.*

9

facts raised in the motion for new trial. But Appellant does not cite a legal ground for the continuance, nor does he show us how the outcome of the trial would have been different.[25]

In sum, none of the subissues Appellant raises in his first point satisfies his burden to prove that trial counsel rendered ineffective assistance resulting in an unknowing or involuntary plea.[26] Because Appellant did not meet his burden of showing ineffective assistance of counsel in any one instance, he cannot show it cumulatively.[27] The trial court therefore did not abuse its discretion by denying Appellant's motion for new trial. We overrule Appellant's first point.

## Punishment Phase Allegations

In his second point, Appellant contends that trial counsel also committed ineffective assistance by failing to object to the prosecutor's questions of Appellant's sister regarding his prior sentences and actual time served and by failing to object to the State's argument to the jury about how the parole law would apply to Appellant. The prosecutor argued, in part,

> All we know is when that time, the good conduct time plus the actual time served, meaning what he's already served plus what he will

---

[25] See id.

[26] See id.

[27] See Chamberlain v. State, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999), cert. denied, 528 U.S. 1082 (2000); Deer v. State, No. 02-10-00443-CR, 2012 WL 42954, at *4 (Tex. App.—Fort Worth Jan. 5, 2012, no pet.) (mem. op., not designated for publication).

10

serve, when that equals one-quarter of his sentence, he will become eligible for parole. And if it's over 60—60 or over, he'll—he'll become eligible at 15, even if it's 99. Okay? Everybody understand that? Okay. So where do you set that punishment? Now, there's no guarantee that he's going to get out on parole, but we already heard that he got sentenced to two 10-year sentences and served 19 months. Okay? So those are just the facts, right?

It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record or when counsel's reasons for failing to do something do not appear in the record.[28] Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective."[29] If trial counsel is not given that opportunity, we should not conclude that counsel's performance was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it."[30]

We therefore do not address whether the prosecutor's argument went beyond that permitted by law because nothing in the record explains trial counsel's reasoning for failing to object either to the argument or to the questions of Appellant's sister. Because the reasons for trial counsel's omissions do not appear in the record, Appellant has failed to rebut the presumption that trial

---

[28] *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012); *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

[29] *Menefield*, 363 S.W.3d at 593.

[30] *Nava*, 415 S.W.3d at 308.

11

counsel's decisions were reasonable.[31] We consequently overrule Appellant's second point.

## Conclusion

Having overruled Appellant's two points, we affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 26, 2015

---

[31] *See Thompson*, 9 S.W.3d at 814.

12

Joe Don McDonald
To Se T DAT# 1908695
Bartlett State Jail
1018 Arnold Drive
Bartlett, Texas 76511

Legal
Mail

State of Texas

Court Of Criminal Appeals

ATTN: Clerk, Abel Acosta
PO Box 12308
Capital Station, Austin, Texas 78